IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| MARLIN BENNETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. G-05-478 |
| | § | |
| GLOBAL INDUSTRIES LTD., | § | |
| | § | |
| Defendant. | § | |

**ORDER DENYING DEFENDANT'S MOTION TO TRANSFER VENUE**

This admiralty case arises out of injuries sustained by Marlin Bennett ("Plaintiff") while employed as a rigger aboard the M/V CHICKSAW while it was docked in Carlyss, Louisiana. Now before the Court comes Defendant's Motion to Transfer Venue to the Western District of Louisiana. For the reasons stated below, Defendant's Motion is **DENIED.**[1]

**I. Background**

Plaintiff allegedly suffered injuries on or about July 26, 2005, when he fell backwards after the rope holding an anchor cable broke. Plaintiff has resided in Louisiana at all relevant times.

**II. Legal Standard**

The federal venue transfer statute provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The movant bears the burden of

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

demonstrating to the Court that it should transfer the case. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989) (requiring the movant to make a showing that the forum sought is more convenient); *Time, Inc. v. Manning*, 366 F.2d 690, 698 (5th Cir. 1966) ("At the very least, the plaintiff's privilege of choosing venue places the burden on the defendant to demonstrate why the forum should be changed."). In determining whether a venue transfer is warranted, the Court considers the availability and convenience of witnesses and parties; the cost of obtaining attendance of witnesses and other trial expenses; the place of the alleged wrong; the location of pertinent books and records; the possibility of delay and prejudice if transfer is granted; and the plaintiff's choice of forum, which is generally entitled to great deference. *See, e.g.*, *Henderson v. AT&T Corp.*, 918 F. Supp. 1059, 1065 (S.D. Tex. 1996); *Dupre v. Spanier Marine Corp.*, 810 F. Supp. 823, 825 (S.D. Tex. 1993); *Continental Airlines, Inc. v. American Airlines, Inc.*, 805 F. Supp. 1392, 1395–96 (S.D. Tex. 1992). The decision to transfer a case lies within the sound discretion of the Court, and such determinations are reviewed under an abuse of discretion standard. *See Peteet*, 868 F.2d at 1436.

### III. Analysis

*A. Availability and Convenience of Witnesses*

"The availability and convenience of witnesses is arguably the most important of the factors" in the § 1404 analysis. *LeBouef v. Gulf Operators, Inc.*, 20 F. Supp. 2d 1057, 1060 (S.D. Tex. 1998) (citing 15 CHARLES A. WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3851, at 415 (1986)). To support a Motion to Transfer on this ground, the movant must identify key witnesses and provide a brief outline of their testimony. *See id.* (citing *Dupre*, 810 F. Supp. at 825). "The convenience of one key witness may outweigh the convenience of numerous less important witnesses." *Id.*

Defendant argues that the availability and convenience of key witnesses would be increased by transfer to the Western District of Louisiana. To support this argument, Defendant has identified several key witnesses and provided brief outlines of their expected testimony. While most of the witnesses identified by Defendant do live in Louisiana, they are mainly employee witnesses, whose attendance can be compelled. *See Lajaunie v. L & M Bo-Truc Rental, Inc.*, 261 F. Supp. 2d 751, 754 (S.D. Tex. 2003) (finding that defendants can compel the attendance at trial of their own employees so the availability and convenience of such potential witnesses is given less weight). Those who cannot be compelled, appear to the Court as minor witnesses in a case such as this, where the bulk of the testimony will be from experts.

Plaintiff responds that his current treating physician as well as his economist reside in the Southern District of Texas. Plaintiff can compel his economist, who will provide expert testimony on damages, to attend trial. Plaintiff has not shown why he would not be able to compel his current treating physician to attend trial or preserve his testimony by deposition.

Since the the witnesses are scattered, and most of the testimony can be compelled, this factor does not weigh for or against transfer.

B. Cost of Trial

The Western District of Louisiana is relatively close to this District, and there is no reason to believe that trial in either place would be substantially more expensive. This factor does not weigh for or against transfer.

C. *Location of Books and Records*

The location of books and records is generally of little importance in a personal injury case. Defendant has not given the court any indication that the records in question are so voluminous that

they will incur substantial cost in transporting them to this Court. *See LeBouef*, 20 F. Supp. 2d at 1060. This factor does not weigh for or against transfer.

D. *Plaintiff's Choice of Forum*

Plaintiff's choice of forum is generally entitled to deference. However, it is entiled to less deference since Plaintiff does not reside in this District. Other than the location of Plaintiff's treating physician and expert economist, individuals that Plaintiff came into contact with after he incurred his injuries, this lawsuit has no connection to this Division or even the Southern District of Texas. Under the circumstances present in this case, Plaintiff's choice of forum is entitled to less deference. *See, e.g., Robertson*, 979 F. Supp. 1105, 1109 (S.D. Tex. 1997). This factor does not weigh for or against transfer.

E. *Place of the Alleged Wrong*

The place of the alleged wrong is one of the more important factors in venue determinations. *See Lemery v. Ford Motor Co.*, 244 F. Supp. 2d 720, 733 (S.D. Tex. 2002); *Robertson*, 979 F. Supp. at 1106. The alleged wrong took place in the Western District of Louisiana. Apparently, the incident giving rise to this lawsuit occurred entirely within Louisiana and involved Louisiana residents. The residents of this Division have little, if any, interest in the outcome of this case. This factor supports transfer.

F. *Potential for Delay and Prejudice*

Any transfer will produce some delay, and as such, Plaintiff must show that a transfer at this stage of the proceedings would cause a significant or unusual delay. *See In Re: Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir. 2002) ("[I]n rare and special circumstances a factor of 'delay' or 'prejudice' might be relevant in deciding the propriety of transfer, but only if such

circumstances are established by clear and convincing evidence."). This case is not set for trial until May 22, 2006, so a transfer at this date would not produce significant delay.

**IV. Conclusion**

In close cases such as this, the Court gives deference to the Plaintiff's choice of forum, and it is the deciding factor in this case. The Court concludes that Defendant has not carried its burden of demonstrating that transferring this case to the Western District of Louisiana would increase the convenience of all involved, and that transfer would be in the interests of justice. For these reasons, and those outlined above, Defendant's Motion to Transfer Venue is **DENIED**. Each Party is to bear its own taxable costs, attorneys' fees, and expenses incurred herein to date.

**IT IS SO ORDERED.**

**DONE** this 10th day of January, 2006 at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge